# THE ATTORNEY GENERAL
## OF TEXAS
GERALD C. MANN    **AUSTIN 11, TEXAS**
JOH█████████████████
ATTORNEY GENERAL


Honorable E. H. Griffin
County Attorney
Young County
Graham, Texas

Dear Sir:

Opinion No. O-3155
Re: Whether or not the Justice
of the Peace in the given
factual situation is en-
titled to an inquest fee.

This department has received your request for an opinion.

From your letter we insert that which follows:

"The Justice of the Peace, Precinct No. 1, Young
County, Texas, recently held an inquest on the death
of a man who committed suicide under the following
fact situation; and said justice billed Young County
for the customary $5.00 inquest fee, after filing a
record of the proceeding with the District Clerk, as
required by Article 987, C. C. P., and after entering
the proceeding on his inquest record, as required by
Article 978, C. C. P., which the auditor refuses to
pay. I would like to submit to your department for
an opinion the question of whether or not the Justice
of the Peace is entitled to a fee for holding an in-
quest in the following fact situation:

"A man is sitting in a bedroom talking to his
wife and one other woman. He leaves their presence
and walks about 12 feet into another bedroom, gets
a gun, and returns to a bathroom between the two bed-
rooms, and kills himself."

Title 13, Section 1, Code of Criminal Procedure, contains
the law of inquests. Article 968 of that title stipulates certain
factual situations when inquestual proceedings shall be conducted.
That article is:

"Any justice of the peace shall be authorized,
and it shall be his duty, to hold inquests without

a jury within his county, in the following cases:

"1. When a person dies in prison.

"2. When any person is killed, or from any cause dies an unnatural death, except under sentence of the law, or in the absence of one or more good witnesses.

"3. When the body of a human being is found, and the circumstances of his death are unknown.

"4. When the circumstances of the death of any person are such as to lead to suspicion that he came to his death by unlawful means."

The office of an inquest can not be disputed. Its nature and object is that of a preliminary investigation conducted to ferret out information relative to those who have met violent, unnatural, or prison deaths, and, if death by criminal agency is established, to secure legal evidence as a foundation for a criminal prosecution of the guilty.

See Boehme v. Woodmen of World, 98 Tex.
376, 84 S. W. 422
Gray v. State, 55 Cr. R. 90, 114 S. W. 642,
22 L. R. A. (N.S.) 513
Aetna Ins. Co. v. Love, 132 Tex. 280, 121
S. W. (2d) 986
Pierson v. Galveston Co. (Civ. App.) 131
S. W. (2d) 27
6. R. C. L. 1168
32 C. J. p. 578

In passing on the question before us we shall primarily bear in mind the object and purpose of an inquest.

The express provision of Article 968, C. C. P., not only empowers a justice of the peace to hold inquests in the situations stipulated but goes further and makes it a duty of his office. This being as it is should not the justice of the peace be allowed the exercise of his sound official discretion? On the basis of both public policy and legal precedent, we think so. In the case of Pierson v. Galveston County, supra, the court adopts the following language from 13 Am. Jur. p. 108:

"It is necessary for a coroner to determine whether a statute contemplates the holding of an inquest in a particular case. * * * Generally speaking, the determination of the question

whether an inquest shall be held rests, within certain limitations, in the sound discretion of the coroner."

Consequently, when a justice of the peace acting in his sound discretion, holds an inquest and duly certifies the proceedings and makes return to the proper court he is entitled to the statutory fee; provided, of course, all the attending facts of the motivating situation bring the proceedings within and under some one or more of the four announced categories set out in Article 968, C. C. P.

It is our opinion that the justice of the peace must acquaint himself with all the attending facts and circumstances of a death and either hold an inquest or not according to the dictates of his sound discretion.

Whether the two women present were "good witnesses" to the death within the meaning of Article 968, C. C. P., supra, is a factual issue which this department must decline to pass upon.

We trust this answers your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Wm. J. Fanning
Wm. J. Fanning
Assistant

By /s/ Grundy Williams
Grundy Williams

GW:LM

APPROVED FEB 24, 1941

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY /s/ R.W.F.
CHAIRMAN